

**Aaron Johnson, Attorney**
ajohnson@fairlaborlaw.com
Direct: (512) 664-0845

September 2, 2024

Office of the Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130
**Via ECF Filing**

Re:   *Venable, et al. v. Smith International, Inc.*, No. 22-30227
        Response to Appellees' FRAP 28(j) Letter Notice of Supplemental Authority

Dear Clerk of Court,

Appellee Smith International, Inc. filed a Rule 28(j) notice apprising the Court of the Supreme Court's decision in decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). Smith argues that *Loper Bright* undercuts Appellants' reliance on the "reasonable relationship" test and supports their argument that the DOL exceeded its authority by including a salary basis requirement at all.

However, *Loper Bright* doesn't apply because Appellants aren't arguing for deference based on an ambiguity in the FLSA. Rather, the FLSA explicitly delegates the power to the DOL to define and delimit the "white collar" exemptions. 29 U.S.C. § 213(a) (exempting "any employee employed in a bona fide executive, administrative, or professional capacity . . . as such terms are defined and delimited from time to time by regulations of the Secretary").

*Loper Bright* is clear that express delegations of this type still require the deference specified in the APA for agency rulemaking. 144 S. Ct. at 2263 ("For example, some statutes expressly delegate to an agency the authority to give meaning to a particular statutory term.") (cleaned up). And the Court cites precisely § 213(a) as a prime example of such express delegation. *Id.* at n. 5. The arbitrary-and-capricious standard applies when an agency makes policy within the bounds of an express statutory delegation. *Id.* at 2261 (citing 5 U.S.C. § 706(2)(A)); *see* Appellants' Reply Brief at 23-27.

Furthermore, Congress ratified the salary-basis requirement in 1949. *See* Appellants' Reply Brief at 25-26.

Additionally, Congress has amended the FLSA on many other occasions, including amending section 213(a)(1), but has never disturbed the salary-basis test. *See* Secretary of Labor's Brief as Amicus Curiae in Support of Plaintiff-Appellee at 26, *Pickens v. Hamilton-Ryker It Sols., Inc.*, Nos. 24-5407, 24-5459 (6th Cir. Aug. 1, 2024) (attached). "It is well established that when

Congress revisits a statute giving rise to a longstanding administrative interpretation without pertinent change, the congressional failure to revise or repeal the agency's interpretation is persuasive evidence that the interpretation is the one intended by Congress." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 846 (1986) (cleaned up).

Respectfully,

/s/ Aaron Johnson

Aaron Johnson
Counsel for Plaintiffs-Appellants

Cc: Robert P. Lombardi (via ECF)
Bryan E. Bowdler (via ECF)
Samuel Zurik, III (via ECF)
Matthew S. Parmet (via ECF)
Kenneth D. St. Pé (via ECF)

## CERTIFICATE OF CM/ECF FILING AND SERVICE

I hereby certify that, on August 30, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to all counsel of record.

*/s/ Aaron Johnson*
Aaron Johnson

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limitation of Fed. R. App. P. 28(j) because the body of the letter contains 349 words.

*/s/ Aaron Johnson*
Aaron Johnson